UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ANTINO GONSALVES-CARVALHAL,

                    Plaintiff,

     v.

AURORA BANK, FSB, AURORA LOAN
SERVICES, LLC, and MᶜCURDY & CANDLER,
LLC,

                   Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
12-CV-2790 (MKB)

MARGO K. BRODIE, United States District Judge:

       Plaintiff Antino Gonsalves-Carvalhal, proceeding *pro se*, brings the above-captioned action against Defendants Aurora Bank, FSB ("Aurora Bank"), Aurora Loan Services, LLC ("Aurora Loan") (together "the Aurora Defendants") and McCurdy & Candler, LLC, ("McCurdy & Candler"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Credit Billing Act ("FCBA") and Georgia state law. The Aurora Defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. McCurdy & Candler moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) and, in the alternative, for a transfer of venue to the Northern District of Georgia pursuant to 28 U.S.C. § 1404 and § 1406. For the reasons set forth below, the Court grants McCurdy & Candler's motion to transfer venue pursuant to 28 U.S.C. § 1406. In addition, the Court finds that a transfer of the claims against the Aurora Defendants is in the interest of justice pursuant to § 1404(a), and transfers the entire action to the Northern District of Georgia.

## I.  Background

The facts alleged in the Amended Complaint are assumed to be true for the purposes of this Memorandum and Order.  Plaintiff's claims arise from a mortgage agreement between Plaintiff and Bayrock Mortgage Corporation ("Bayrock") dated June 15, 2007, to finance the purchase of Plaintiff's retirement home ("the property") in Atlanta, Georgia.  (Docket Entry No. 22 "Am. Compl." ¶¶ 12, 17, Ex. A.)  As part of the mortgage agreement, Plaintiff signed a security deed conveying a security interest to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as the nominee for Bayrock and its successors.[1]  (Am. Compl. Ex. B ("Security Deed") at 3.)  Plaintiff defaulted on the mortgage loan, (Am. Compl. ¶ 60), and on January 13, 2011, Plaintiff received a letter from McCurdy & Candler informing Plaintiff that it had been retained by MERS to "collect the debt secured by the above-referenced property, which may involve foreclosure proceedings," and that Plaintiff owed $138,847,  (Am. Compl. Ex. 100 at 1).  On February 10, 2011, MERS assigned the security interest in Plaintiff's home to Aurora Loan, (Am. Compl. Ex. D), a subsidiary of Aurora Bank, (Am. Compl. ¶1).[2]  On October 12, 2011 and April 10, 2012, McCurdy & Candler sent letters to Plaintiff informing Plaintiff that it "represents Aurora Bank, the creditor on the above referenced loan," and advising Plaintiff that it had been retained to collect the debt secured by the property.[3]  (Am. Compl. Ex. 200; Docket Entry No. 32, McCurdy & Candler Motion to Dismiss ("McCurdy Mot.") Ex. B.)  The letter

---

[1]  Bayrock Mortgage Corporation was dissolved by the Georgia Secretary of State in August 2011.  (Am. Compl. Ex. C.)

[2]  Plaintiff alleges that Aurora Loan was involved with servicing his loan as early as 2009 or 2010, prior to the assignment of the security interest.  (Am. Compl. ¶¶ 22, 58.)

[3]  McCurdy & Candler states that Aurora Loan assigned the security interest in the property to Aurora Bank on September 14, 2011, (McCurdy Mem. ¶ 3), but has not provided any supporting documentation.  McCurdy & Candler attaches to its moving papers only the assignment made by MERS to Aurora Loan.  (*See* McCurdy Mem. Ex. A.)

listed Aurora Bank as the "Creditor" and Aurora Loan as the "Servicer" in the address heading. (Am. Compl. Ex. 200; McCurdy Mot. Ex. B.)

Plaintiff's Amended Complaint centers around five allegedly unlawful events: (1) his original lender, Bayrock, engaged in predatory lending, (Am. Compl. ¶ 49); (2) Bayrock unlawfully named MERS as its nominee / fiduciary in the security deed signed by Plaintiff, (*id.* ¶¶ 37, 49(b)); (3) MERS lacked the power to assign a security interest in the property to Aurora Bank in February 2011, (*id.* ¶¶ 49(e), 72–76); (4) Bayrock and its successor, Aurora Bank, failed to respond to a rescission notice sent by Plaintiff in November 2011, (*id.* ¶¶ 79–88); and (5) the Aurora Defendants and McCurdy & Candler acted unlawfully with respect to the attempts to collect on the mortgage loan debt and attempts to foreclosure on the property, (*id.* ¶¶ 90–110). Plaintiff also alleges that he is the victim of Aurora Bank's "anticipatory breach" of a Consent Order entered into between Aurora Bank and the federal Office of Thrift Supervision. (*Id.* ¶¶ 2, 45, 68; *see also* Am. Compl. Ex. 850, "Consent Order".) Plaintiff seeks equitable and injunctive relief, including declaratory judgments and an immediate cease and desist order, as well as damages under various state and federal statutes.

The Aurora Defendants moved to dismiss for failure to state a claim, on the basis that Plaintiff's Amended Complaint is an impermissible "shotgun pleading," that Plaintiff fails to plead fraud with particularity, and that there is no basis for declaratory relief that would enjoin the pending state proceeding of the foreclosure on Plaintiff's home. (Docket Entry No. 37, "Aurora Mem." 1.) McCurdy & Candler moved to dismiss or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404 and § 1406, arguing that the case is improperly venued and should be transferred to federal court in Georgia. (Docket Entry No. 32, Attach. 1 "McCurdy Mem.")

Plaintiff opposes Defendants' motions on the basis that another party, "RALI Series 2007 – Q05 purports to own [Plaintiff's] loan," and argues that neither the mortgage nor the promissory note were legally transferred to this party, and that "Aurora is not the proper party in interest to foreclose Plaintiff's property. . . ." (Docket Entry No. 37, Attach. 6 "Pl. Opp. Aff." ¶¶ 3–6.) Plaintiff seeks discovery to "determine whether Plaintiff is obligated to make payments to Aurora or RALI Series 2007 – Q05," (*id.* ¶¶ 8–9), and appends a "Property Securitization Analysis Report" prepared by Certified Forensic Loan Auditors, LLC, (Docket Entry No. 32 Attach. 7 "Pl. Opp. Aff. Ex. 2000") to his opposition papers.

## II. Discussion

### a. Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (quoting *Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*,

684 F.3d 53, 60 (2d Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), *cert. denied*, 568 U.S. ---, 133 S. Ct. 466 (2012). "While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we are obliged to construe a *pro se* complaint liberally to raise the strongest arguments it suggests." *Bamba v. U.S. Dep't of Homeland Sec.*, --- F. App'x ---, ---, 2013 WL 5485916, at *1 (2d Cir. Oct. 3, 2013) (alteration and internal quotation marks omitted) (citing *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) and *Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009)).

### b. Venue is Not Proper in the Eastern District of New York

McCurdy & Candler seeks to transfer venue of this proceeding to the Northern District of Georgia, (Docket Entry No. 32 "McCurdy Notice of Mot."; McCurdy Mem. ¶¶ 43–51), pursuant to 28 U.S.C. § 1404 and § 1406. Once venue is challenged, "the plaintiff has the burden of establishing that it has chosen the proper venue." *Jackson v. Am. Brokers Conduit*, No. 09-CV-6045, 2010 WL 2034508, at *1 (S.D.N.Y. May 13, 2010) (citing *Bell v. Classic Auto Grp., Inc.*, No. 04-CV-0693, 2005 WL 659196, at *4 (S.D.N.Y. Mar. 21, 2005)). However, at the motion to dismiss stage, where the Court relies only on pleadings and affidavits, "the plaintiff need only make a *prima facie* showing of [venue]." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (alteration in original) (citing *CutCo Indus. v. Naughton*, 806 F.2d 361, 364–65 (2d Cir. 1986)). "Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). "In analyzing whether the plaintiff has made the requisite prima facie showing that venue is proper, we view all the facts in a light most favorable to plaintiff." *Magi XXI, Inc. v. Stato della Citta del Vaticano*,

714 F.3d 714, 720 (2d Cir. 2013) (citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007)).

Improper venue is a waivable defense. Any objection to venue must be raised in a defendant's responsive pleading or pre-answer motion, otherwise a party is deemed to have waived the objection.[4] Fed. R. Civ. P. 12(b)(3), 12(h); *Tri-State Employment Servs., Inc. v. Mountbatten Sur. Co., Inc.*, 295 F.3d 256, 261 (2d Cir. 2002) (finding that a "[d]efendant [who] failed to raise any venue challenge in a pre-answer motion or responsive pleading . . . is deemed to have waived any objection to venue." (citing Fed. R. Civ. P. 12(h)(1)(B) and *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 & n. 1 (2d Cir. 1966)); *see also Joe Hand Promotions, Inc. v. Elmore*, No. 11-CV-3761, 2013 WL 2352855, at *1 n. 2 (E.D.N.Y. May 29, 2013) (noting that "it is well settled that improper venue is a waivable defense") (collecting cases).

When a defendant raises a proper objection to venue, and the plaintiff has not made a prima facie showing of venue, 28 U.S.C. § 1406 requires that the court "dismiss, or if it be in the

---

[4] The Aurora Defendants did not raise a venue challenge in their pre-answer motion to dismiss (Docket Entry No. 37), and therefore waive their objection to venue. Although McCurdy & Candler argues that venue is not proper as to the Aurora Defendants, (McCurdy Mem. ¶ 46 n. 9), "venue is a personal privilege that is waivable at will," *Gross v. British Broad. Corp.*, 386 F.3d 224, 234 (2d Cir. 2004) (citing *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966)). Consequently, a party may raise objections to venue only as to itself, and not as to another party. *See Brossart v. Lynx Bus. Intelligence Consulting, Inc.*, No. 08-CV-0609, 2008 WL 2561592, at *2 (D. Ariz. June 25, 2008) ("The defense of improper venue is generally personal, such that one defendant may not obtain dismissal or transfer because venue is improper as to a codefendant, unless that codefendant is an indispensable party." (citing *Anrig v. Ringsby United*, 603 F.2d 1319, 1324 (9th Cir. 1979))); *Dean v. Anderson*, No. 01-CV-2599, 2002 WL 1067454, at *1 (D. Kan. May 2, 2002) ("[A] defendant 'may not challenge venue on the ground that it is improper as to a codefendant.'" (citing *Pratt v. Rowland*, 769 F. Supp. 1128, 1132 (N.D. Cal. 1991)); *Pratt*, 769 F. Supp. at 1132 ("Improper venue is a defense personal to the party to whom it applies. Thus one defendant may not challenge venue on the ground that it is improper as to a co-defendant." (citing *Camp v. Gress*, 250 U.S. 308, 314 (1919)).

interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011); *see also First State Ins. v. Nat'l Cas. Co.*, No. 13-CV-0704, 2013 WL 5439143, at *3 (S.D.N.Y. Sept. 27, 2013) ("If the plaintiff cannot establish that the chosen venue is correct, '[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" (quoting 28 U.S.C. § 1406)); *Azrelyant v. B. Manischewitz Co.*, No. 98-CV-2502, 2000 WL 264345, at *3 (E.D.N.Y. Jan. 13, 2000) ("Where a suit is filed in federal court in a district in which venue is improper, and a timely and sufficient objection to the defect is raised, a change of venue may be made under 28 U.S.C. § 1406(a) . . . ."). "Courts enjoy considerable discretion in deciding whether to transfer a case [under § 1406] in the interest of justice." *White v. Rock*, No. 10-CV-5163, 2013 WL 527804, at *5 (E.D.N.Y. Feb. 4, 2013) (quoting *Daniel v. American Board of Emergency Medicine*, 428 F.3d 408, 435 (2d Cir. 2005)).

Plaintiff alleges that "[v]enue is proper in this District under 28 USC § 1391(b)." (Am. Compl. ¶ 10.) This statute provides, in pertinent part, that an action may be brought in:

> (1) a judicial district in which any Defendant resides, if all Defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any Defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

### i.   Venue is not Proper Pursuant to Section 1391(b)(1)

In this case, not all Defendants "reside" in New York, the state in which the Eastern District of New York is located, as required by § 1391(b)(1), therefore venue in the Eastern District of New York is not properly based on the residence of Defendants. *See* 28 U.S.C. § 1391(b)(1) (providing that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"). According to Plaintiff, Aurora Bank has a "principal place for doing business located at 1271 Avenue of the Americas, New York NY 10019," and McCurdy & Candler's principal address is 3525 Piedmont Road, Atlanta, Georgia, with a registered agent at the same address. (Am. Compl. ¶¶ 13–16.) Thus, while Plaintiff may have alleged that at least one Defendant — Aurora Bank — "resides" in New York, the state in which the Eastern District of New York is located, Plaintiff cannot establish that *all* Defendants are residents of New York state.

For purposes of determining proper venue, a business entity such as a corporation "shall be deemed to reside, if a Defendant, in any judicial district in which such Defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2); *see also 5381 Partners LLC v. Shareasale.com, Inc.*, No. 12-CV-4263, 2013 WL 5328324, at *12 (E.D.N.Y. Sept. 23, 2013) ("under Section 1391(c)(2), a defendant that is a corporation 'shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.'" (quoting § 1391(c)(2))); *Indus. Quick Search, Inc. v. Miller, Rosado & Algois, LLP*, No. 09-CV-1340, 2013 WL 4048324, at *2 (E.D.N.Y. Aug. 9, 2013) (noting that "the venue question [under § 1391(c)(2)] turns on whether the [district court] has personal jurisdiction over this corporate defendant." (quoting § 1391(c)(2))).

Personal jurisdiction, in turn, is determined by "a two-step inquiry." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 169 (2d Cir. 2013), *reh'g denied*, No. 10-CV-1306, 2013 WL 5700963 (2d Cir. Oct. 18, 2013) (citing *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 242 (2d Cir. 2007) and *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). First, the Court "look[s] to the law of the forum state"[5] to determine whether there is personal jurisdiction. *Id*. If there is personal jurisdiction under state law, the Court still must consider whether the exercise of personal jurisdiction over the out-of-state Defendant "comports with due process protections established under the United States Constitution." *Id*.

## 1. The Court Does Not Have Personal Jurisdiction.

Under New York state law, a court has jurisdiction over a non-domiciliary corporation that commits a tortious act outside New York State but causes harm to someone in the state, if that corporation "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). Here, McCurdy & Candler is alleged to have committed a tortious act outside of New York State in its actions with respect to the property, and is a non-domiciliary entity, as "a Georgia corporation," (Am. Compl. ¶ 13), whose "principal address is located' in Atlanta, Georgia, (*id*. ¶ 14). Therefore, McCurdy & Candler is subject to personal jurisdiction in New York if it either "regularly does or solicits business" in New York, or "should reasonably expect the act to have consequences in the state." N.Y. C.P.L.R. § 302(a)(3)(i)–(ii); *see also Levans v. Delta Airlines,*

---

[5] "Forum state" refers to the state in which a lawsuit is filed.

*Inc.*, No. 12-CV-00773, 2013 WL 6841984, at *5 (E.D.N.Y. Dec. 23, 2013) ("Pursuant

to § 302(a)(3), a court may exercise personal jurisdiction over a non-domiciliary who . . .

'commits a tortious act without the state causing injury to person or property within the state . . .

if he (i) regularly does or solicits business, or engages in any other persistent course of conduct,

or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives

substantial revenue from interstate or international commerce'" (citing § 302(a)(3))); *Richtone*

*Design Grp., LLC v. Live Art, Inc.*, No. 12-CV-7652, 2013 WL 5904975, at *5 (S.D.N.Y.

Nov. 4, 2013) (same).  Plaintiff has not alleged that McCurdy & Candler "regularly does or

solicits business" in New York, and McCurdy & Candler states that it is a "Georgia limited

liability company which only advertises itself as a provider of legal services" throughout Georgia

and Tennessee.  (McCurdy Mem. ¶ 47.)  Plaintiff also does not allege that McCurdy & Candler

should reasonably expect its actions with respect to the property to have had consequences in the

state of New York.  McCurdy & Candler's allegedly unlawful actions were (1) facilitating the

"questionable assignment" of a security interest in the property from MERS to Aurora Loan, and

entering the assignment into Georgia's land records, (Am. Compl. ¶¶ 102–03), and (2) its debt

collection and attempted foreclosure activities with respect to the property, (*id.* ¶¶ 90–97).

McCurdy & Candler's role in the assignment of security interest by MERS to Aurora

Loan Services had no connection to the Eastern District of New York.  The assignment was

prepared by an individual from Aurora Loan Services located in Scottsbluff, Nebraska, stamped

with MERS's Delaware corporate seal, filed and recorded in Fulton County, Georgia, and

annotated with an instruction to return to McCurdy & Candler in Atlanta, Georgia.  (Am. Compl.

Ex. D.)  Plaintiff acknowledges that the assignment was filed with the state of Georgia.  (Am.

Compl. ¶ 103.)  Nothing connected with the MERS assignment to Aurora implicates the Eastern District of New York — not the location of any of the people or the entry of the assignment into the land records itself.  Similarly, all of McCurdy & Candler's activities with respect to the debt collection and attempted foreclosure, including all of McCurdy & Candler's communications with Plaintiff, were sent to the property in Atlanta, Georgia.  (*See* Am. Compl. Ex. 100 (letter dated January 13, 2011); Ex. 200 (letter dated October 12, 2011); McCurdy Mot. Ex. B (letter dated April 12, 2012)).  Likewise, Plaintiff's communications with McCurdy & Candler were sent either to Nebraska or Atlanta.  (*See* Am. Compl. Ex. 400 ("Revocation of Power of Attorney") at 4; Ex. 500 ("Final Notice to Remove Property from Alleged Non Judicial Foreclosure Sale") at 2–3; Ex. 725 ("Qualified Written Request") at 6.)  Therefore, Plaintiff has not alleged any action by McCurdy & Candler that could have led McCurdy & Candler to "reasonably expect" that its actions would have consequences in the state of New York.  Because McCurdy & Candler is not domiciled in New York, does not regularly conduct or solicit business in New York, and should not have reasonably expected its actions with respect to the property in Atlanta to have consequences in New York, personal jurisdiction cannot be established over McCurdy & Candler under N.Y. C.P.L.R. § 302(a)(3).[6]

---

[6] Even if Plaintiff could establish that McCurdy & Candler is subject to personal jurisdiction in New York under New York law, the assertion of personal jurisdiction over McCurdy & Candler in the Eastern District of New York would not comport with the constitutional requirements of due process.  A defendant in a civil lawsuit is entitled to "due process of law" under the Fifth and the Fourteenth Amendments of the Constitution, which means that such a defendant can only be subject to the personal jurisdiction of a court when it has "certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Licci*, 732 F.3d at 169 (quoting *Int'l Shoe*, 326 U.S. at 316).  Plaintiff does not allege that McCurdy & Candler has conducted any business in New York, nor that it has *any* contacts with New York, let alone the "minimum contacts" that are required for personal jurisdiction.  All of the events alleged in the Amended Complaint took place in Georgia, and McCurdy & Candler's mailing address and

## 2.    McCurdy & Candler Does Not "Reside" in New York

Because McCurdy & Candler is not subject to the personal jurisdiction of a court in any judicial district in New York, it does not "reside" in New York for venue purposes.  *See* 28 U.S.C. § 1391(c)(2) (corporations are deemed to reside, for purposes of venue, "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"); *cf. Indus. Quick Search, Inc.*, 2013 WL 4048324, at *4 (finding that corporate defendant was subject to personal jurisdiction in the Southern District of New York, and therefore that venue was proper in that district); *5381 Partners LLC*, 2013 WL 5328324, at *12 (finding that venue was proper in the Northern District of Illinois with respect to corporate defendant under § 1391(c)(2), as it was undisputed that defendant's principal place of business was in that district).  As a result, Plaintiff has not satisfied the precondition to §1391(b)(1) — that "all defendants are residents of the State in which the district is located" — making venue improper under § 1391(b)(1).

## ii.    Venue is Not Proper Pursuant to Section 1391(b)(2)

Venue in the Eastern District of New York is not proper under § 1391(b)(2), because "a substantial part of the events or omissions giving rise to the claim" did not occur in the Eastern District of New York, nor is "a substantial part of [the] property that is the subject of the action . . . situated" in the Eastern District of New York.  28 U.S.C. § 1391(b)(2).  To determine whether venue is proper under § 1391(b)(2), courts apply a two-part test:  "First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims.  Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether 'significant events or

place of incorporation is in Georgia.  Without more evidence of contacts with New York, due process prohibits the exercise of personal jurisdiction over McCurdy & Candler.

omissions material to those claims . . . have occurred in the district in question.'" *Deufrains v. Karcauskas*, No. 12-CV-2576, 2013 WL 4806955, at \*13 (E.D.N.Y. Sept. 9, 2013) (citing *Daniel*, 428 F.3d at 432); *see also Delgado v. Villanueva*, No. 12-CV-3113, 2013 WL 3009649, at \*2 (S.D.N.Y. June 18, 2013) (same).

Plaintiff alleges violations of several state and federal laws in connection with the making, transfer, and management of the mortgage loan made on the property which is his retirement home in Atlanta, Georgia. (*See generally* Am. Compl.) Plaintiff does not allege that any acts or omissions relevant to his claims occurred in the Eastern District of New York; instead, Plaintiff alleges that venue is proper based in part on the fact that "the homeowner *now* lives in New York." (Am. Compl. ¶ 9 (emphasis added).) However, none of the alleged events or omissions, as pleaded by Plaintiff, took place in the Eastern District of New York. Plaintiff entered into a mortgage agreement with Bayrock to finance the purchase of the property in Atlanta, Georgia, and agreed to send his monthly payments to Alpharetta, Georgia. (Am. Compl. Ex. A at 1–2.) As part of this mortgage agreement, Plaintiff assigned a security interest in the property to MERS, acting as the nominee for Bayrock and its successors, which assignment was recorded in Fulton County, Georgia. (Security Deed at 1, 3.) MERS assigned the security interest to Aurora Loan, which assignment took place in Fulton County, Georgia, (Am. Compl. Ex. D), and the communications from McCurdy & Candler to Plaintiff were mailed from McCurdy & Candler in Georgia to Plaintiff at the address of the property in Atlanta, Georgia. One communication from a non-party, law firm McGinnis, Tessitore, Wutscher, LLP, originated in Chicago, Illinois. (Am. Compl. Ex. 600.)

Because *no* events, let alone any "substantial" events, took place in the Eastern District of New York, venue cannot be established based on a substantial occurrence pursuant to

§ 1391(b)(2).[7] The fact that Plaintiff now lives in the Eastern District of New York, without more, is not a sufficient basis to establish venue pursuant to § 1391(b)(2).[8] The fact that this action arises out of a mortgage on a property located in Atlanta, Georgia, outside the Eastern District of New York, further indicates that venue is not proper in this District. *See Adams v. U.S. Bank, NA*, No. 12-CV-4640, 2013 WL 5437060, at *5 (E.D.N.Y. Sept. 27, 2013) (dismissing challenges to foreclosure and eviction proceedings and noting "that claims regarding [dismissed plaintiffs'] property should generally be filed in the jurisdiction where the property is located and the claim arose." (citing 28 U.S.C. § 1391(b))).

### iii.  Venue is Not Proper Pursuant to Section 1391(b)(3)

Venue in the Eastern District of New York is not proper under § 1391(b)(3), because there is another district in which this action "may otherwise be brought." Section 1391(b)(3) provides that venue is proper in "any judicial district in which any Defendant is subject to the court's personal jurisdiction with respect to such action" — but only "*if there is no district in*

---

[7]  Plaintiff's allegation that he is the victim of an "anticipatory breach" of the Consent Order between Aurora Bank and the federal government — assuming it could be a valid basis for a claim — references only Aurora Bank's place of incorporation in Delaware.  (Am. Compl. ¶ 68.)  The Consent Order expressly states "Nothing in this Stipulation or the Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy or claim under this Stipulation or the Order."  (Am. Compl. Ex. 850 ¶ 12.)  Plaintiff also acknowledges that "[t]here is no defined right to sue granted to private individual [sic] under the Consent Order for violations or breach of agreement."  (Am. Compl. ¶ 11.)

[8]  Although Plaintiff does not allege that he was based in New York when he entered into the mortgage agreement that gives rise to his claims, he does include some communications to Defendants which originated in New York, (*see, e.g*., Revocation of Power of Attorney at 1, Qualified Written Request at 5–6), attempting to rescind his mortgage and otherwise make legal demands on Defendants.  Because these letters were sent subsequent to the events that give rise to Plaintiff's claims, they do not comprise a sufficient basis for establishing venue under § 1391(b)(2), in light of the otherwise overwhelming connections to Atlanta and Fulton County, Georgia.

*which an action may otherwise be brought* as provided in this section" (emphasis added); *see Daniel*, 428 F.3d at 434 ("the phrase 'if there is no district in which the action may otherwise be brought' indicates that venue may be based on that subsection only if venue cannot be established in another district pursuant to any other venue provision."). Here, under § 1391(b)(2), venue would be proper in the Northern District of Georgia, where a substantial part of the acts or omissions that give rise to Plaintiff's claims took place, and where the property that is the subject of the mortgage is located. Therefore, 1391(b)(3) is not applicable, because, contrary to its requirements, there is another district "in which [the] action may otherwise be brought." 28 U.S.C. § 1391(b)(3); *see also Daniel*, 428 F.3d at 435 (finding that, because plaintiffs could have brought a claim in the Western District of Michigan under § 1391(b)(2), where "a substantial part" of the alleged events giving rise to the claim took place, "they cannot rely on § 1391(b)(3) to support venue in the Western District of New York."); *Safety Software Ltd. v. Rivo Software, Inc.*, No.11-CV-7433, 2012 WL 1267889, at *5 (S.D.N.Y. Apr. 11, 2012) (declining to apply § 1391(b)(3) where the action could be brought in another district, noting that "[b]y the plain language of the statute, however, [§ 1391(b)(3)] applies only if there is no other district in which the action may be brought").

### iv. Transfer is Proper Under Section 1406

In sum, because venue in the Eastern District of New York is not proper under any of the provisions of § 1391(b), and McCurdy & Candler has timely objected to venue, pursuant to 28 U.S.C. § 1406, the Court must either dismiss the claims against McCurdy & Candler or transfer them to a district where venue is proper. *See Gonzalez*, 651 F.3d at 324. In light of the fact that dismissal would require *pro se* Plaintiff to incur additional filing costs, and re-filing the Amended Complaint in the appropriate district would delay the proceeding, the Court transfers the claims against McCurdy & Candler to the Northern District of Georgia. *See Fredriksson v.*

*Sikorsky Aircraft Corp., Inc.*, No. 07-CV-0214, 2008 WL 752469, at *4 (E.D.N.Y. Mar. 19,

2008) (transferring a case pursuant to § 1406 and observing that "Congress, by the enactment of

§ 1406(a), recognized that 'the interest of justice' may require that the complaint not be

dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-

consuming and justice-defeating technicalities.'") (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S.

463, 466 (1962)); *Int'l Flavors & Fragrances Inc. v. Van Eeghen Int'l B.V.*, No. 06-CV-490,

2006 WL 1876671, at *8 (S.D.N.Y. July 6, 2006) ("Dismissal is a harsh remedy that is best

avoided when another avenue is open.").[9]  Although dismissal rather than transfer under is

encouraged when a case is a "sure loser," *Gonzalez*, 651 F.3d at 324, or "clearly doomed,"

*Daniel*, 428 F.3d at 436, the Court cannot conclude that there is no merit to any of Plaintiff's

claims.  *See Zaltz v. JDATE*, No. 12-CV-3475, 2013 WL 3369073, at *12 n. 8 (E.D.N.Y. July 8,

2013) (transferring under § 1404(a) "even if plaintiff's claims might be difficult to sustain, it

does not appear that they are 'clearly doomed'").  In particular, in light of relevant Eleventh

---

[9]  The Court transfers the claims as to McCurdy & Candler, notwithstanding McCurdy & Candler's argument that the Court lacks personal jurisdiction over it.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); *see also Deufrains v. Karcauskas*, No. 12-CV-2576, 2013 WL 4806955, at *14 (E.D.N.Y. Sept. 9, 2013) ("A district court has the authority [under § 1406] to transfer a case to another district, even if the transferring court does not have personal jurisdiction over the Defendant." (citing *Goldlawr*, 369 U.S. at 466, and *SongByrd, Inc. v. Estate of Grossman,* 206 F.3d 172, 179 n. 9 (2d Cir. 2000)); *Brown v. City of New York*, No. 10-CV-5229, 2013 WL 3245214, at *8 (E.D.N.Y. June 26, 2013) (28 U.S.C. § 1406(a) "permits a court to transfer claims to another venue even if the transferring court lacks personal jurisdiction over the Defendants" (citing *Goldlawr*, 369 U.S. at 466–67)).

Circuit case law, Plaintiff may have stated a claim against McCurdy & Candler for violations of the Fair Debt Collection Practices Act.[10]

### c. Claims against the Aurora Defendants

The Court also transfers Plaintiff's claims against the Aurora Defendants pursuant to 28 U.S.C. § 1404(a) in the interest of justice and for the convenience of the parties. Because the Aurora Defendants waived their objection to venue, transfer of the claims against them under § 1406 is not proper. *See Azrelyant*, 2000 WL 264345, at *3 ("If a party's objection to venue, however, is not timely and sufficient, or if the party has waived the right to object to venue, transfer under 1406(a) is improper and unwarranted."); *Orb Factory, Ltd. v. Design Sci. Toys,*

---

[10] For example, Plaintiff alleges a claim against both McCurdy & Candler and the Aurora Defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.*, (Am. Compl. ¶¶ 5, 91, 111.E), which McCurdy & Candler argues must be dismissed because foreclosing on a mortgage is not debt collection for purposes of the FDCPA. (*See* McCurdy Mem. ¶ 20 (citing, *inter alia*, *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009); *Beadle v. Haughey*, No. 04-CV-272, 2005 WL 300060, at *3 (D.N.H. Feb. 9, 2005).) The October 12, 2011 and April 10, 2012 letters sent by McCurdy & Candler to Plaintiff specifically state: "Notice pursuant to the Fair Debt Collection Practices Act 15 USC 1692 Initial Communications Letter," "This law firm is acting as a debt collector and attempting to collect a debt," and, "As of the date of this letter, you owe $138,847.65." (Am. Compl. Exs. 100, 200.) The Eleventh Circuit has held that a letter featuring identical language sent by law firms in Georgia, attempting to collect a debt on behalf of mortgage loan holders were attempts to collect a debt under the FDCPA. *See Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1240–41 (11th Cir. 2012) ("The FDCPA applies to the notice here in question because the notice was an attempt at debt collection. The notice stated that Rubin Lublin had been retained to 'collect the loan,' stated in bold capital letters that it was 'an attempt to collect a debt,' and advised Bourff to contact Rubin Lublin to 'find out the total current amount needed to either bring your loan current or to pay off your loan in full.'"). In addition, to the extent that Plaintiff alleges that McCurdy & Candler engaged in abusive debt collection practices by naming a false creditor in its attempt to collect a debt, such a claim is cognizable under the FDCPA. *See id*. at 1241; *Shoup v. McCurdy & Candler, LLC*, 465 F. App'x 882, 885 (11th Cir. 2012) (holding that plaintiff stated a claim under the FDCPA by alleging that letter from law firm attempting to collect a debt on a mortgage loan falsely represented the name of the plaintiff's creditor). In light of the Eleventh Circuit's case law on these precise issues, and the factual similarity between the allegations in *Shoup* and Plaintiff's allegations here, the Court is not prepared to dismiss Plaintiff's Complaint as failing to state a claim or find that Plaintiff's case is a "sure loser." *See Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011).

*Ltd.*, 6 F. Supp. 2d 203, 207 (S.D.N.Y. 1998) ("Once objections to venue are waived, any defect in venue is cured, and the benefits of a § 1406(a) transfer for lack of venue are no longer available."). However, where, as here, the conduct of the Aurora Defendants is "central to the issues raised" by Plaintiff against McCurdy &Candler, in the interest of justice and for the convenience of the parties, rather than sever the claims and hear only the claims against the Aurora Defendants, the Court transfers the entire proceeding against all Defendants to the Northern District of Georgia. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994) (stating that when one of two co-Defendants objects to improper venue and the other waives objection, if the co-Defendant who has waived the objection "is central to the issues raised by the plaintiff against those subject to transfer, . . . the proper procedure in this case [is] to transfer the case in its entirety . . . ."); *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F. Supp. 2d 222, 239 (D. Conn. 2001) ("[w]hen the conduct of a co-Defendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer, the grant of a severance would not ordinarily be consistent with the sound exercise of discretion." (quoting *Cottman*, 36 F.3d at 296)); *accord Montoya v. Fin. Fed. Credit, Inc.*, 872 F. Supp. 2d 1251, 1283 (D.N.M. 2012); *Barnes Grp., Inc. v. Midwest Motor Supply Co., Inc.*, No. 07-CV-1164, 2008 WL 509193, at *3–4 (S.D. Ohio Feb. 22, 2008); *see also Brossart v. Lynx Bus. Intelligence Consulting, Inc.*, No. 08-CV-0609, 2008 WL 2561592, at *2 (D. Ariz. June 25, 2008) ("[I]f we transfer an action against a particular defendant for improper venue, we may exercise our discretion to transfer the rest of the action to any district where it might have been brought for

'the convenience of the parties and witnesses' pursuant to 28 U.S.C. § 1404(a)." (citing 17 *Moore's Federal Practice* § 111.35[2] (3d ed. 2006))); WRIGHT & MILLER, 14D FED. PRAC. & PROC. JURIS. § 3827 (3d ed. 2005) ("If venue is proper for some Defendants but improper for others, the district court has wide discretion. It may transfer the entire case to another forum that would be proper for all the Defendants as many courts have done. Alternatively, it may retain the case as to those Defendants who have been properly sued there and either transfer the severed portion of the case for those Defendants for whom venue is improper or dismiss the action as to those Defendants." (citing cases)); *cf. Paul v. Shinseki*, No. 09-CV-1591, 2010 WL 3927077, at *6 (E.D.N.Y. Sept. 29, 2010) ("Where, as here, a district court finds venue improper with respect to a given claim, it may as a matter of discretion transfer rather than dismiss the improperly venued claim where transfer is in the interest of justice.").

The claims against the Aurora Defendants may be properly transferred pursuant to 28 U.S.C. § 1404(a). The purpose of Section 1404(a) "is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Adams*, 2013 WL 5437060, at *5 (citing *Blechman v. Ideal Health, Inc.*, 668 F. Supp. 2d 399, 403 (E.D.N.Y. 2009) and *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). As discussed above, this action could have been brought in the Northern District of Georgia pursuant to § 1391(b), as the "events or omissions" giving rise to Plaintiff's claims took place in that district, and the property is located there.

Under § 1404(a), a court determines whether a transfer is warranted "for the convenience of the parties and witnesses, in the interest of justice," by analyzing various factors including: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the

locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Id*. at *6 (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) and *Phillips v. Reed Grp., Ltd.*, No. 07-CV-3417, 2013 WL 3340293, at *5 (S.D.N.Y. July 1, 2013)). "[S]ubstantial weight is accorded a plaintiff's choice of forum." *Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc.*, 666 F. Supp. 2d 366, 372 (S.D.N.Y. 2009) (citation omitted). However, "when the transactions or facts giving rise to the action have no material relation or significant connection to plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance." *Donde v. Romano*, No. 09-CV-04407, 2010 WL 3173321, at *7 (E.D.N.Y. Aug. 10, 2010) (internal quotation marks omitted) (quoting *Romano v. Banc of Am. Insurances Servs.*, 528 F. Supp. 2d 127, 130 (E.D.N.Y. 2007) and *Hernandez v. Graebel Van Lines, Inc.*, 761 F. Supp. 983, 990 (E.D.N.Y.1991))).

Here, the first and the seventh factors weigh in favor of Plaintiff, who currently resides in the Eastern District of New York and who, as an individual plaintiff proceeding *pro se*, likely is of less means than the incorporated Defendants. However, all of the remaining factors weigh strongly in favor of litigating the claims against the Aurora Defendants in the Northern District of Georgia. The claims against the Aurora Defendants are essentially disputes over Plaintiff's mortgage on the property which is located in Atlanta, Georgia. Any witnesses to the signing of the mortgage and the challenged assignments are more likely to be located in the Northern District of Georgia, as are Georgia state land records and other relevant documents. *See Crutchfield v. Country Wide Home Loans*, No. 02-CV-9092, 2003 WL 102879, at *1–2 (S.D.N.Y. Jan. 10, 2003) (finding that venue was more appropriate in Oklahoma district where property that was the subject of a challenged mortgage was located, because "a critical element

of the events at issue relates to the mortgage financing of the Property . . . and the material witnesses and documents regarding that aspect of the underlying transaction are in Oklahoma"). More importantly, any of the witnesses who currently reside in Georgia are outside this Court's subpoena power, raising the costs and complicating the logistics of any discovery that may be needed to resolve the claims against the Aurora Defendants. *See* Fed. R. Civ. P. 45(b)(2) (providing that "a subpoena may be served at any place: (A) within the district of the issuing court; (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection"); *Crutchfield*, 2003 WL 102879 at *2 ("The location of such witnesses and documents within the Court's subpoena power is an essential consideration in determining the appropriateness and convenience of plaintiff's choice of forum." (citing *Ayala-Branch v. Tad Telecom, Inc.*, 197 F. Supp. 2d 13, 15 (S.D.N.Y. 2002) and *Summit v. U.S. Dynamics Corp.*, No. 97-CV-9224, 2000 WL 502862, at *2 (S.D.N.Y. Apr. 27, 2000))); *Deufrains*, 2013 WL 4806955, at *16 ("The most compelling factors to the Court in its finding that transfer is in the interest of justice . . . relate to the convenience of witnesses and the access to judicial process to compel unwilling witnesses to testify.").

In addition to the fact that most of the witnesses likely live in Georgia and would not be subject to the Court's subpoena power, the claims against both sets of Defendants share many common facts. Severing and addressing the claims against the Aurora Defendants in the Eastern District of New York while permitting the claims against McCurdy & Candler to proceed in the Northern District of Georgia will effectively result in duplicate litigation of Plaintiff's claims, taxing judicial resources and burdening Plaintiff as well as Defendants. McCurdy & Candler is a "foreclosure specialty" law firm retained by at least one of the Aurora Defendants to foreclose on the property after Plaintiff defaulted on his mortgage. (Am. Compl. ¶¶ 13, 25; Exs. 100, 200.)

Plaintiff's Amended Complaint alleges that, subsequent to the collapse of loan modification talks between Plaintiff and Aurora Loan, "Defendant McCurdy made three attempts to foreclose by non-judicial sale on behalf of Aurora Loan Services, LLC," (Am. Compl. ¶¶ 22–25), and "Plaintiff's Revocation notices were sent to Aurora [Loan] and to McCurdy as a legal notification to refrain them from their continued action under their scheme to misrepresent their relationship with the Plaintiff." (Am. Compl. ¶ 36.) Plaintiff also alleges that McCurdy & Candler "knew or should have known" that "MERS is an unlawful fiduciary and nominee for Bayrock as a matter of law," and that McCurdy's "action to participate and encourage Aurora to proceed is unconscionable." (*Id.* ¶¶ 37–38.) Finally, Plaintiff notes that the third attempt at foreclosure by McCurdy & Candler occurred after Aurora Bank had signed a Consent Order with the Office of Thrift Supervision. (*Id.* ¶ 42.)

While the claims against McCurdy & Candler could be separated to focus solely on its role in attempting to foreclose on Plaintiff's property, another court could not address the claims against McCurdy & Candler without significantly duplicating the litigation before this Court involving the Aurora Defendants. *See Brossart*, 2008 WL 2561592, at *3 (transferring entire action from Arizona to California where venue was improper as to one of two defendants, and "a substantial part of the events giving rise to all of plaintiff's claims occurred in" California rather than in Arizona, because both defendants were subject to personal jurisdiction of a California court, "a majority of witnesses and evidence" were in California, and a "district judge in California will have greater familiarity with California law"). Because the conduct of the Aurora Defendants is central to the issues raised by the Plaintiff in the claims against McCurdy & Candler, which are subject to transfer, the Court finds that severance of the claims and transfer of only the claims against McCurdy & Candler is not "consistent with the sound exercise of

discretion." *See Indymac*, 167 F. Supp. 2d at 239.

### III.   Conclusion

For the foregoing reasons, the Court grants McCurdy & Candler's motion to transfer venue as to the claims against McCurdy & Candler pursuant to 28 U.S.C. § 1406 and, in the interest of justice, transfers the claims against the Aurora Defendants pursuant to 28 U.S.C. § 1404(a).  The Aurora Defendants' motion to dismiss is dismissed with leave to refile in the Northern District of Georgia.  The entire action shall be transferred to the Northern District of Georgia.

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: January 16, 2014
        Brooklyn, New York